■ TONY RINKIEWICZ, Respondent, v THE DUGOUT, INC., et al., Appellants. [983 NYS2d 271]—

Order, Supreme Court, Bronx County (Kibbie F. Payne, J.), entered November 9, 2012, which denied defendants' motion to vacate a default judgment entered against them, unanimously affirmed, without costs.

While there were some facts to suggest defendant Harold Terry was not the person served, nothing offered was dispositive. Therefore, in light of the detailed testimony of the process server regarding the specifics of the service, his substantially accurate description of Terry in the affidavit of service and his in-court identification of Terry as the individual served, this Court will accept the credibility determinations of the IAS court in finding that service was effected on Terry in his individual capacity (cf. *Holtzer v Stepper*, 268 AD2d 372 [1st Dept 2000]).

Moreover, because Terry was a manager of employees of defendant Dugout, who was in their locked premises at the time of service, and agreed to accept the papers, service was effected on Dugout, even though Terry was not a person identified in CPLR 311 (*Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 272-273 [1980]). Concur—Friedman, J.P., Moskowitz, Freedman, Gische and Clark, JJ.